**AMERICAN BANK OF PORT CLINTON v SWARTZLANDER et**

Ohio Appeals, 6th Dist, Ottawa Co

No 174. Decided Dec 19, 1935

True, Crawford & True, Port Clinton, for plaintiff.

Stahl, Stahl & Stahl, Fremont, for defendants Harry Swartzlander and Ferne Swartzlander.

Harry Garn, Fremont, for defendant Fred Durnwald.

Parkhurst & Buckingham, Bellevue, for defendant Industrial Savings & Loan Assn.

Graves, Duff & Graves, Port Clinton, for defendant National Bank of Port Clinton.

William McC. Baumann, Fremont, for defendant Colonial Savings Bank.

## OPINION

By STEVENS, J.

1. Was plaintiff's new mortgage a defectively executed mortgage?

We hold that it was.

2. Was there an alteration of plaintiff's new mortgage by adding the description of said residence property of Swartzlander's wife to said mortgage after the execution of said mortgage?

We hold that there was no such alteration.

3. Was a fraud perpetrated upon plaintiff by Durnwald when he was induced to cancel his original $7,000 second mortgage?

Fraud, it will be remembered, must be proved by clear and convincing evidence, and our reading of the transcript of the evidence herein persuades us that, while there was a palpable misunderstanding between the parties as to what plaintiff was to do and was seeking to do, fraud, as such, has not been shown by the required degree of proof. We therefore hold that no fraud was perpetrated upon Durnwald by plaintiff.

4. Is defendant the Colonial Savings Bank Co. an innocent holder for value, without notice, of the subsequently executed mortgage to Durnwald?

That instrument itself shows upon its face that it was subject to a defectively executed mortgage to plaintiff, and thereby said savings bank company was put upon notice of

the existence of an alleged prior mortgage claim; and we find, under all of the circumstances shown by the record, that said Colonial Savings Bank Co. is not an innocent holder for value of said mortgage, without notice.

Application of the principles of equity to this case, considered in its entirety, requires that the parties hereto be placed in the positions occupied by them prior to the execution of said new $27,200 mortgage to plaintiff, and the new $7,000 second mortagge to Durnwald.

It is accordingly the order of this court that the original $15,000 mortgage, executed by Swartzlander to plaintiff, and the canceled $7,000 mortgage to Durnwald, be regarded and considered as in full force and effect, and as governing the rights of the parties, and entitled to the same priorities as they originally had, and the other parties to this action having liens upon any of said properties shall have the same priorities as they had before said original $15,000 first and $7,000 second mortgages were cancelled of record. The Colonial Savings Bank Co. shall have such right in said original $7,000 second mortgage to Durnwald as it had in the subsequently executed $7,000 second mortgage to Durnwald, and the clerk of this court is ordered to enter upon the margins of the records hereinafter specified, in the county recorder's office of Ottawa County, the following notation:

"For proceedings with reference to this mortgage see Court of Appeals Journal of Ottawa County, Volume ..., page ...."

and to sign the same in his official capacity.

Said notation shall be made upon the following volume and pages in the office of said county recorder of Ottawa County:

Harry C. Swartlander to The American Bank of Port Clinton, Ohio, Vol. 58, page 221, Records of Mortgages.

Harry C. Swartzlander to The American Bank of Port Clinton, Ohio, Vol. 64, page 73, Records of Mortgages.

Harry C. Swartzlander to Fred A. Durnwald, Vol. 58, page 283, Records of Mortgages.

Harry C. Swartzlander to The American Bank of Port Clinton, Ohio, Vol. 64, page 83, Records of Mortgages.

Harry C. Swartzlander to Fred A. Durnwald. Vol. 65, page 147, Records of Mortgages.

There being no issue as to claims or priorities of parties herein other than those herein decided, a decree may be drawn setting aside the cancellations of said $15,000 mortgage to plaintiff and said first $7,000 mortgage to Durnwald reinstating said mortgages as hereinbefore indicated, ordering said plaintiff and said Durnwald to file appropriate pleadings herein setting up said mortgages as upon foreclosure, giving leave to said the Colonial Savings Bank Co. to set forth its said lien as herein found upon said original $7,000 Durnwald mortgage, and ordering plaintiff to pay the costs of this proceeding in this court; and this cause is remanded to the Common Pleas Court of Ottawa County, with directions to proceed therein in accordance with law and the orders of this court as herein indicated.

FUNK, PJ, and WASHBURN, J, concur in judgment.